IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

VICTORIA ZIMMERMAN and
JEFF GREIVELDINGER, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

    v.                                                     Case No. 23-CV-00405

EPIC SYSTEMS CORPORATION.

      Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL ARBITRATION AND TO DISMISS**

---

Defendant Epic Systems Corporation ("Epic") respectfully submits this brief in support of its Motion to Compel the named Plaintiffs to arbitration pursuant to their arbitration agreements with Epic and to dismiss the remainder of this action.

**INTRODUCTION**

On June 16, 2023, the two named Plaintiffs, Jeff Greiveldinger and Victoria Zimmerman, on behalf of themselves and a putative class of similarly situated employees or applicants, filed this lawsuit alleging that Epic discriminated against them on the basis of religion in violation of Title VII in the application of Epic's COVID vaccination policy. However, pursuant to the terms of the Employee Stock Purchase Agreements (the "Stock Agreements") Greiveldinger and Zimmerman entered with Epic, which included mandatory arbitration agreements (the "Arbitration Agreements"), both Greiveldinger and Zimmerman are required to individually arbitrate any claims arising out their employment with Epic. Based upon the Arbitration Agreements, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the United States Supreme Court

decision in *Epic Sys. Corp. v. Lewis*, 584 U.S. \_\_\_\_, 138 S. Ct. 1612 (2018), this Court should enforce the Arbitration Agreement and compel them to arbitration, just as this Court ordered in *Lewis v. Epic Systems Corporation,* 15-cv-82-bbc (W.D. Wis. Jan. 24, 2019). Further, based upon FRCP 23(a)(4), without any representative plaintiffs, the remainder of this case should be dismissed as well.

Frankly, upon becoming aware of Greiveldinger's and Zimmerman's Arbitration Agreements (which awareness occurred by no later than July 7, 2023 by virtue of an email from Epic's counsel to Plaintiffs' counsel, as explained below), there was and is no legitimate basis for Plaintiffs to continue to prosecute their claims in this Court, given this Court's and the United States Supreme Court's decisions in the *Lewis* case. Plaintiffs should have dismissed their claims without the need for Epic to file this Motion.

**STATEMENT OF FACTS**

Greiveldinger was hired by Epic in 2003. *See* Declaration of Jennifer Peterson, ¶ 2. Zimmerman (formerly known as Victoria Booth) was hired by Epic in August 2012. *Id.* ¶ 3. In 2020, Greiveldinger and Zimmerman were offered and accepted the opportunity to purchase Epic Stock pursuant to the Stock Agreements. *Id.,* ¶ 4, Ex. 1 and 2. The Arbitration Agreements were an annex to, and a mandatory part of, the Stock Agreements. *Id.,* ¶ 5, Ex. 1 and 2. The material terms of Greiveldinger's and Zimmerman's Stock and Arbitration agreements are the same. On November 20 and December 28, 2020, respectively, Greiveldinger and Zimmerman signed the Stock Agreement, under which they were each offered and accepted valuable consideration (i.e., a mutual agreement by Epic to arbitration, continued employment, and

2

stock options). *Id.* By signing the Stock Agreement, Greiveldinger and Zimmerman also accepted the terms of the Arbitration Agreement. Peterson Decl., ¶ 6.

> I. <u>Agreement to Arbitrate</u>. Epic Systems Corporation ("Epic") and I agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise or have arisen between me and Epic, its related and affiliated companies or successors, and/or any current or former director, officer, manager or employee of Epic or a related or affiliated company or successor. Covered Claims are, unless expressly excluded below, any statutory or common law legal claims, asserted or unasserted, that relate to or arise out of my employment or the termination of my employment. **I understand that acceptance of employment with Epic, or any entity related to or affiliated with Epic, is deemed to be acceptance of this Agreement to Arbitrate.**
>
> **I understand and agree that arbitration is the only litigation forum for resolving Covered Claims, and that both Epic and I are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**
>
> The arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law. The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this agreement. The arbitrator shall have the authority to grant any remedy or relief that the arbitrator deems just and equitable and which is authorized by and consistent with applicable law, including applicable statutory or other limitations on damages.
>
> …
>
> II. <u>Waiver of Class and Collective Claims</u>. I also agree that Covered Claims will be arbitrated only on an individual basis, and that both Epic and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding. No party may bring a Covered Claim on behalf of other individuals, and any arbitrator hearing my Covered Claim may not: (i) participate in or facilitate notification of others of potential Covered Claims; (ii) arbitrate any form of a class, collective, or representative proceeding; or (iii) without the consent of all the parties, combine more than

> one individual's Covered Claim(s) into a single case.
>
> …
>
> IV. Claims not Covered by this Agreement. Covered Claims under this agreement do not include claims for employee benefits that are subject to dispute resolution procedures set forth in an applicable Epic ERISA plan. Also excluded from this agreement are any claims that cannot be required to be arbitrated as a matter of law. If I am employed in the State of California, claims under the California Private Attorney General Act of 2004 ("PAGA") are excluded to the extent required by California law. Covered Claims cannot be joined with any excluded claims unless all parties agree. Covered Claims also do not include claims for workers' compensation or unemployment compensation. I also understand that I am not barred from filing a claim or charge with a governmental administrative agency, though, with respect to Covered Claims, I am giving up the opportunity to recover monetary amounts from any such governmental agency related claim and would instead be able to pursue a claim for monetary amounts through arbitration.
>
> …
>
> XII. <u>Controlling Law</u>. I agree that this agreement is made pursuant to, and shall be governed under, the Federal Arbitration Act.

*Id*, Ex.1 and 2 (emphasis added). Discrimination claims are Covered Claims under the Arbitration Agreement. *Id.*

On July 7, 2023, Epic's counsel provided Plaintiffs' counsel with copies of the signed Stock and Arbitration Agreements and asked that Plaintiffs voluntarily dismiss their claims and proceed in individual arbitration, based upon this Court's and the United States Supreme Court's decision in the *Lewis* case. Declaration of Amy Bruchs, ¶ 2, Ex. 1. Counsel for Epic requested a response by July 14, 2023, which Plaintiffs' counsel ignored, requiring Epic to file this Motion. Bruchs Decl. ¶ 3, Ex. 2.

**LEGAL ARGUMENT**

**I.    THE COURT SHOULD COMPEL GREIVELDINGER'S AND ZIMMERMAN'S CLAIMS AGAINST EPIC TO ARBITRATION.**

Just as this Court ultimately concluded in *Lewis v. Epic Systems Corporation,* 15-cv-82-bbc (W.D. Wis. Jan. 24, 2019)—which involved a very similar arbitration agreement—the Court should compel the named Plaintiffs' claim to individual arbitration and dismiss this case.

Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. . ." 9 U.S.C. § 2. The FAA "reflects 'both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract.'" *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). The FAA extends to employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118-19 (2001).

Pursuant to the FAA, arbitration must be compelled where, as here, there is: (A) a written agreement to arbitrate; (B) a dispute within the scope of the arbitration agreement; and (C) a refusal to arbitrate. *Zurich Am. Ins.. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005); *Sheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017). An arbitration agreement governed by the FAA, like the Arbitration Agreement here, is presumed to be valid and enforceable. *Shearson/Am. Express v. McMahon*, 482 U.S. 220, 226 (1987). There is a presumption in favor of arbitrability, *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986), and the party seeking to evade arbitration bears the burden of showing the arbitration provision is invalid or does not encompass the claims at issue. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

5

### A. A Valid Agreement to Arbitrate Exists.

Greiveldinger and Zimmerman cannot dispute that they agreed to arbitrate their claims. Whether the parties agreed to arbitrate is a matter of state contract law. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 742 (7th Cir. 2010). Under Wisconsin law, "[a] valid contract requires an offer, an acceptance, and consideration, to demonstrate a meeting of the minds." *WeR1 World Network v. Cyberlink Network, Inc.*, 57 F. Supp. 3d 926, 935 (E.D. Wis. 2014). Wisconsin courts treat contracts concerning employment like any other contract. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 734 (7th Cir. 2002) (citing *Ferraro v. Koelsch*, 124 Wis. 2d 154, 368 N.W.2d 666, 671-72 (1985)). "This includes agreements formed subsequent to an employment at-will [relationship] that supplant or alter the nature of the employment relationship." *Id*. Where an agreement is formed as part of an employment at-will relationship, the agreement must be supported by consideration to be enforceable. *Id*. "In Wisconsin, consideration consists of either a detriment to the promisor or a benefit to the promisee." *Id*.

Here, Epic made an offer when it sent the Stock and Arbitration Agreements to Greiveldinger and Zimmerman. They accepted the Arbitration Agreements when they signed the Stock Agreements. Further, there was valid consideration. First, Epic's mutual promise to arbitrate is sufficient consideration to support the arbitration agreement. "If the agreement of one party to arbitrate disputes is fully supported by the other party's agreement to do likewise, there is no need to look elsewhere in the contract for consideration for the agreement to arbitrate. . ." *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 869 (7th Cir. 1985); *Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636 (7th Cir. 1999) ("Circuit City's promise to be bound by the arbitration process itself serves as mutual consideration here."). Second, Greiveldinger and Zimmerman were given the opportunity to purchase stock in exchange for signing the arbitration agreement, which also

constitutes sufficient consideration. *See, e.g.*, *Stericycle, Inc. v. Simota*, No. 16 C 4782, 2017 U.S. Dist. LEXIS 173632, at *18 (N.D. Ill. Oct. 20, 2017) ("[T]he Court concludes that the stock options served as adequate consideration for the Covenant Agreement.").

Accordingly, their Arbitration Agreements are valid and enforceable.

### B. The Dispute is Within the Scope of the Arbitration Agreement.

Once it is clear, as it is in this case, that the parties have a contract that provides for arbitration of any issues between them, any doubts concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law. *Gore v. Alltel Comm'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). "To this end, a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. at 1032-33 (citation omitted).

Greiveldinger's and Zimmerman's claims are clearly within the scope of the Arbitration Agreement. The Arbitration Agreement states that "Covered Claims are, unless expressly excluded below, any statutory or common law legal claims, asserted or unasserted, that relate to or arise out of my employment or the termination of my employment." Peterson Decl., Ex. 1 and 2. Further, while the Arbitration Agreement provides for the exclusion of certain types of claims from those required to be submitted to arbitration (including claims subject to dispute resolution procedures in an ERISA plan, claims that cannot be arbitrated as a matter of law, claims under the California Private Attorney General Act of 2004, and claims for workers' compensation or unemployment), none of these exclusions apply to Greiveldinger's and Zimmerman's claims. *Id.* Rather, claims under Title VII clearly fall within the definition of Covered Claims and as such, they are arbitrable. *Michalski*, 177 F.3d 634 (holding that Title VII claims can be subject to arbitration). As such, Greiveldinger's and Zimmerman's claims are within the scope of the Arbitration Agreement.

**C. Greiveldinger and Zimmerman Have Refused to Arbitrate Their Claims.**

Because Greiveldinger and Zimmerman have "file[d] suit in federal court rather than pursue arbitration [they have] demonstrated a refusal to arbitrate that preceded defendant's motion." *Meatheney v. Arts Performing Ctr., LLC*, Case No. 21-cv-683-pp, 2022 U.S. Dist. LEXIS 56350, at *33 (E.D. Wis. Mar. 29, 2022); *Ineman v. Kohl's Corp.*, No. 14-cv-398-wmc, 2015 U.S. Dist. LEXIS 38296, at *14 (W.D. Wis. Mar. 26, 2015) (explaining that "the filing of this lawsuit and plaintiff's opposition to defendant's motion to compel demonstrates that plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement"). Moreover, Plaintiffs' counsel disregarded Epic's counsel's request that the Plaintiff's dismiss their claims and proceed in arbitration (Bruchs Decl. ¶¶ 2 and 3), clearly demonstrating their refusal to arbitrate.

**D. Greiveldinger's and Zimmerman's Claims Should Be Dismissed.**

Because all their claims are the subject of arbitration, dismissal is the proper remedy for Greiveldinger's and Zimmerman's claims. See, e.g., *HTG Capital Partners, LLC v. Doe*, No. 15 C 02129, 2016 U.S. Dist. LEXIS 18458, *25 (N.D. Ill. Feb. 16, 2016) (dismissing an arbitration action rather than staying it "where it is clear the entire controversy between the parties will be resolved by arbitration" (*quoting Dental USA, Inc. v. Beak & Bumper, LLC*, No. 13 C 2581, 2013 U.S. Dist. LEXIS 98882, at *7-8 (N.D. Ill. July 16, 2013) (internal quotation marks omitted)). Indeed, the Seventh Circuit has affirmed district court decisions dismissing a suit where a court has found that all claims are arbitrable. *See, e.g.*, *Baumann v. Finish Line, Inc.*, 421 F. App'x 632, 636 (7th Cir. 2011); *Am. Int'l Specialty Lines Ins. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003); *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 679 (7th Cir. 2002).

## II. THE REMAINDER OF THE CASE SHOULD BE DISMISSED AS WELL.

Once Greiveldinger's and Zimmerman's claims are compelled to arbitration and dismissed, there are no representative plaintiffs remaining. Hence, the prerequisites of FRCP 23(a) cannot be satisfied ("One or more members of a class may sue…as representative parties on behalf of all members only if: . . . (4) the representative parties will fairly and adequately protect the interests of the class.").

Further, Epic has the same arbitration agreements with many of its other employees. Peterson Decl. ¶ 8. Even if a new representative plaintiff without an arbitration agreement could be identified (which one has not), they could not adequately represent the putative class members who have arbitration agreements requiring individual arbitration. Generally, courts have determined that a class representative who is not bound to arbitrate their claims may not certify a class where a defendant has asserted that putative class members are bound by arbitration agreements. See, e.g., *Avilez v. Pinkerton Gov't Servs., Inc*., 596 F. App'x 579, 579 (9th Cir. 2015); *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 986 (N.D. Cal. 2019) (collecting cases from the Ninth Circuit); *Forby v. One Techs., LP*, No. 3:16-CV-856-L, 2020 WL 4201604, at *9 (N.D. Tex. July 22, 2020); *Jensen v. Cablevision Sys. Corp*., 372 F. Supp. 3d 95, 122-25 (E.D.N.Y. 2019); *Johnson v. BLC Lexington, SNF, LLC*, 2020 WL 3578342, at *7 (E.D. Ky. July 1, 2020); and *Spotswood v. Hertz Corp.*, No. RDB-16-1200, 2019 WL 498822, at *11 (D. Md. Feb. 7, 2019). Relying on the typicality and/or adequacy requirements of Rule 23(a)(3) and (4) ("the claims or defenses of the representative parties are typical of the claims or defenses of the class," and "the representative parties will fairly and adequately protect the interests of the class"), courts often conclude that the class representative is "in a unique position" in relation to the class and thus atypical, or "not an

adequate representative . . . like other potential class members might be" because they are unable to adjudicate the arbitration issue. See *Forby*, 2020 WL 4201604, at *9, and *Johnson*, 2020 WL 3578342, at *7.

For these reasons, this entire case should be dismissed.

## CONCLUSION

For the foregoing reasons, Epic respectfully requests that the Court grant its Motion, enter an order directing Greiveldinger and Zimmerman to arbitrate their claims against Epic, and dismiss this case.

Dated this 28th day of July, 2023.

**MICHAEL BEST & FRIEDRICH LLP**
Attorneys for Defendant


By: /s/Amy O. Bruchs
    Amy O. Bruchs

MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Phone: 608.283.2253
Fax: 608.283.2275
Email: aobruchs@michaelbest.com