# Exhibit 1

From: "Bruchs, Amy O (22253)" <AOBruchs@michaelbest.com>
Sent: Friday, July 7, 2023, 2:03 PM
To: "sam.diehl@crosscastle.com" <sam.diehl@crosscastle.com>; "harry.niska@crosscastle.com" <harry.niska@crosscastle.com>; "nathan.hopkins@crosscastle.com" <nathan.hopkins@crosscastle.com>
Cc: "Ellison, Kurt F (20104)" <kfellison@michaelbest.com>
Subject: Zimmerman and Greiveldinger v. Epic System
Attachments: Employee Stock Purchase Agreement - Victoria Booth.pdf; Employee Stock Purchase Agreement - Jeffrey Greiveldinger.pdf

Counsel:

We represent Epic Systems with regard to the above-noted matter.

The purpose of this email is to request that you voluntarily dismiss the action and proceed with the claims in (individual) arbitration, because both named plaintiffs are parties to Stock Purchase Agreements which contain, as Annex 3, an arbitration agreement that mandates arbitration of the claims. The relevant portions of the agreements for both Zimmerman (f/k/s Victoria Booth) and Greiveldinger are attached.  "Covered Claims" under the arbitration agreement are "any statutory or common law legal claims…that relate to or arise out of my employment with Epic…" Notably, the arbitration agreement also states that "Covered Claims will be arbitrated only on an individual basis, and that both Epic and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding." As I am sure you are aware—because it was perhaps the most publicized case of that year—the US Supreme Court confirmed that Epic's arbitration agreement is enforceable, in *Epic Systems v. Lewis*, 584 U.S. ___ (2018).

In light of the existence of these agreements and now your knowledge of them, we respectfully assert that it would be frivolous for you to proceed with this action in this Court.

Should you decide not to dismiss voluntarily, we will proceed with a motion to dismiss to compel arbitration. Please advise if you would be amenable to extending our deadline to file a responsive pleading from the current deadline of July 12th to July 28th. This will give you time to analyze the issue and potentially eliminate the need for unnecessary briefing.

## Amy O. Bruchs
Partner
T 608.283.2253  |  M 608.333.3658
aobruchs@michaelbest.com  |  bio

 · A LexMundi Member